**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Rives, et al., | No. CV-21-01186-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Mrs. Gooch's Natural Food Markets Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to remand.  The motion is fully briefed (Docs. 4, 6, 7) and will be granted.[1]

On July 8, 2021, Mrs. Gooch removed this action from Maricopa County Superior Court based on diversity jurisdiction.  (Doc. 1.)  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is present when complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  Courts strictly construe the removal statute against removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941).  Here, diversity of citizenship is undisputed, but Plaintiffs contend that their complaint, which is silent as to the amount of damages sought, does not necessarily demand an amount in excess of $75,000.  Where, as here, the complaint does not demand a dollar amount, Mrs. Gooch bears the burden of proving by a preponderance of the evidence that the amount in

---

[1] Ms. Gooch's Natural Food Markets Incorporated's ("Mrs. Gooch") request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  "[R]emoval cannot be based simply upon conclusory allegations where the [complaint] is silent as to the dollar amount of damages the plaintiff seeks."  *Welsh v. N.H. Ins. Co.*, 843 F. Supp 2d 1006, 1009 (D. Ariz. 2012) (internal quotations omitted) (quoting *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)).  When assessing the total amount at stake in the litigation, the Court may consider the complaint, notice of removal, and "summary-judgment-type evidence."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

Here, Mrs. Gooch makes three arguments in support of its assertion that the amount in controversy exceeds $75,000.  First, it notes Plaintiffs certified the case as a Tier 2 action, indicating its presumed value is between $50,000 and $300,000, therefore evidencing that the minimum amount in controversy exceeds $50,000.  However, this evidence "does nothing more than establish that the amount in controversy is likely more than $50,000." *Ferguson v. First Am. Specialty Ins. Co.*, No. CV 09-01581-PHX-JAT, 2009 WL 4154653, at *3 (D. Ariz. Nov. 23, 2009).  Mrs. Gooch must still show by a preponderance of the evidence that the amount in controversy exceeds $50,000 by at least $25,000.01.  Second, it underscores that Plaintiffs allege permanent injuries and structural damage to both Ms. Rives' cervical and lumbar spine and seek compensation for future medical treatment, suggesting that because Mrs. Rives has already incurred $25,051.50 in medical specials to date, "presumably" her future medical bills will bring the amount in controversy over the threshold.  (Doc. 6 at 3.)  Without engaging with the facts, introducing prior comparable cases in which the amount in controversy was met, or otherwise explaining how or why Mrs. Rives' future medical bills will bring the amount in controversy over the threshold, Mrs. Gooch fails to make more than a conclusory allegation, thereby failing to meet its burden.  Third, it notes Plaintiffs refused to stipulate that the amount in controversy falls below $75,000.01.  Although the Court may consider such evidence in determining the amount in controversy, it is not conclusive, and the Court finds such evidence insufficient, here, to show by a preponderance of the evidence that the amount in controversy exceeds

$75,000.  *See Welsh*, 843 F. Supp. 2d at 1011.  Accordingly,

      **IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 4) is **GRANTED.**

      **IT IS FURTHER ORDERED** that this case is **REMANDED** to Maricopa County Superior Court.

      Dated this 26th day of August, 2021.


Douglas L. Rayes
United States District Judge